UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JANE DOE,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD. a/k/a
ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN
CORPORATION, d/b/a ROYAL CARIBBEAN
CRUISE LINE and d/b/a ROYAL CARIBBEAN
INTERNATIONAL

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff JANE DOE (hereinafter "Plaintiff" or "JANE DOE") hereby sues the

Defendant ROYAL CARIBBEAN CRUISES LTD. a/k/a ROYAL CARIBBEAN CRUISES LTD.,

A LIBERIAN CORPORATION, d/b/a ROYAL CARIBBEAN CRUISE LINE and d/b/a ROYAL

CARIBBEAN INTERNATIONAL, (hereinafter "Defendant" or "RCCL") and files this

Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest,

costs and attorney's fees.

1

2. **THE PLAINTIFF.** JANE DOE is *sui juris* and is a permanent resident and citizen of a resident of Tulsa, Oklahoma. "JANE DOE" is an alias used because of the nature of the events in this matter.  The Defendant are aware of the identity of JANE DOE.

3. **THE DEFENDANT**. The Defendant Royal Caribbean Cruises, Ltd. (hereinafter "Defendant" or "RCCL") for the purposes of diversity jurisdiction is a corporation registered and incorporated in Liberia. RCCL's principal place of business is in Miami, Florida.  The Defendant does business as Royal Caribbean Cruise Line and as Royal Caribbean International.  The Defendant is authorized to do business in the State of Florida and at all times hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a) Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b) Had an office or agency in this state and/or county; and/or

   c)   Engaged in substantial activity within this state; and/or

   d)   Committed one or more of the acts stated in Florida Statute, Sections
        48.081, 48.181, or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on January 28, 2020.

8. **LOCATION OF INCIDENT.** The incident occurred in the cabin room #1607 on board the *RCCL Liberty of the Seas*. a ship in navigable water while the Plaintiff was a passenger board. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENTS.**   At all times and material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.  The Plaintiff does not have a copy of the subject ticket but the Defendant does.

10. **RCCL.**  RCCL advertises on its website that the "safety and security of our guests and crew is our highest priority."  Additionally, RCCL alleges that it "is committed to preventing illegal activity and treats all allegations seriously."  However, the reality is different. Further, in an effort to save its public image and profits rather than the safety and security of its passengers, the cruise line reports incidents to U.S. authorities, the press, and the public.  These representations are false.  They cause the American public, including the Plaintiffs herein, to choose this cruise line and when onboard to let down their guard as to the dangerous tendencies of crewmembers, and to rely on the security of the security personnel onboard the ship.

11. **THE BUSINESS MODEL; WORKING CONDITIONS AND THE FAILURE TO SCREEN, TRAIN, AND MONITOR.**   The cruise line hires its crew from underdeveloped countries or from countries where the economies are bleak, and the unemployment rates are high. The cruise line chooses to hire from these countries to pay low wages and to get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day.

12. The cruise line utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" to obtain background information on these candidates.  As the cruise line knows, it is all but impossible to obtain complete and reliable background information, medical and psychological records, and criminal records in such countries. And the "hiring partners" are paid per person actually hired by the cruise line. Accordingly, the cruise line places a disincentive on its "hiring partners" to conduct background checks which can result in exclusion of people for hire.

13. The cruise line then fails examine and test—reasonably under these circumstances—the applicants for a job which involves this level of contact with the public.  The cruise line also fails to train these crewmembers well, and then fails to monitor the crewmembers. RCCL's failure to select, train and control its male crew members and/or officers to stay away from female passengers is disastrous in combination with RCCL encouraged partying and drinking on its ships. RCCL fails to protect its female passengers from sexual assault, battery and rape by its crew members and/or officers. RCCL fails to warn female passengers that RCCL's male crew and/or officers represent a danger to female passengers.

14. RCCL hires male crew members and/or officers who are from a variety of different cultures.  These crew members and/or officers are away from their wives and girlfriends for months at a time.  The crew members and/or officers are inadequately screened and trained to deal

with female passengers on its cruise ships. The cruise line's alleged "zero tolerance" policy for fraternization between crew and passengers and/or officers is not implemented and enforced on the cruise ships.

15. The cruise invites 4960 passengers and 1300 crew on to an enclosed living and partying situation. The cruise line knows that crimes occur on their ships, including sexual assaults. Yet, the cruise line fails to provide for the safety and security of its passengers during its cruises. This failure of safety and security results in sexual assaults and personal injuries to its passengers.

16. Further, the cruise lines fails to monitor and control its crewmembers onboard the ship in a reasonable manner.  In sum, RCCL fails to provide a reasonably safe environment for its passengers on the *RCCL Liberty of the Seas* and to protect passengers from sexual assault, battery and rape by its crew members.

17. **DESCRIPTION OF THE INCIDENT.**  RCCL's failures allowed an RCCL crewmember to sexually assault a disabled passenger. On January 28, 2020, JANE DOE was in her cabin on board *RCCL Liberty of the Seas* was in her cabin. At approximately 10:30 p.m. RCCL's crewmember Lawson knocked on JANE DOE's cabin door. JANE DOE was on the cruise by herself and opened the door. Lawson indicated he was delivering coffee. JANE DOE had not ordered anything but appreciated that RCCL was offering coffee. Lawson entered JANE DOE's room to place the coffee on the counter under the pretense that Lawson was doing so to assist JANE DOE, who wears a back brace and uses a walker. As soon as the cabin door closed, Lawson stated to JANE DOE that he knew she was lonely, and that he had not been with a woman in 4 months. With that, Lawson forcibly pushed JANE DOE against the cabin wall.  Lawson grabbed JANE DOE's hands and held them tightly above DOE's head. JANE DOE was terrified for her life. JANE DOE was resisting and screaming "stop" and "get out." Lawson responded stating again that he knew JANE DOE was lonely

and knew she was alone. While JANE DOE was fighting to get away Lawson, kissed DOE's neck and stuck his tongue in DOE's mouth. Lawson used his free hand to forcibly penetrate JANE DOE's vagina with his fingers.  JANE DOE was finally able to free one of her hands and used it to grab Lawson's hand out of her vagina and underwear. Lawson left the cabin and stated, "I'll be back".

18. After Lawson left, JANE DOE discovered that the coffee pot that Lawson had brought was empty. DOE was in a hysterical state and was crying.  DOE was terrified of Lawson, the cabin steward which the cruise line assigned to her cabin.  Lawson stated that he would be back to attack DOE again. This crewmember had access to Doe's cabin.  Because Lawson had access to the central key to all cabins in his group, he could come and go as he pleased and no locks could keep him out.  And DOE knew this.  Because of this, DOE was afraid of losing her life even after RCCL's crewmember left her cabin.

19.  After the violent and vicious sexual assault, Lawson continued to harass JANE DOE. RCCL's crewmember repeatedly called Doe's cabin over the next 3 hours.  This was trauma upon trauma, every time he called.  Lawson called so many times that JANE DOE had to unplug the phone from the outlet. JANE DOE was terrified. JANE DOE knew that unplugging her phone would not stop Lawson from entering her cabin and attacking her again.

20. JANE DOE reported the vicious sexual assault to an RCCL Officer named Gary. JANE DOE also advised RCCL that Lawson had been calling her cabin and trying to contact her nonstop since the incident. JANE DOE also met with Jorge Pedrosa in Guest Services on board the *RCCL Liberty of the Seas* to advise guest services about the incident and that Lawson was continuing to contact her. Security advised JANE DOE that the call logs to her cabin were checked and Lawson was in fact trying to contact her. Security also advised JANE DOE that there was CCTV video surveillance of Lawson entering DOE's cabin holding the empty coffee pot.

21. RCCL video recorded its interview with JANE DOE. However, JANE DOE was not asked during her first interaction with the security personnel on board to fill out an incident report. Finally, during JANE DOE's second interaction with RCCL's security personnel, JANE DOE filled out an incident report. JANE DOE has not been contacted by the FBI regarding this sexual assault on board *RCCL Liberty of the Seas*.

22. RCCL never advised JANE DOE about the actions it was taking, if any, with crewmember Lawson. JANE DOE had no idea if Lawson was still working on the ship. Because RCCL never told JANE DOE about Lawson's whereabouts after the attack, RCCL caused DOE to live in constant fear that Lawson would attack her again.

23. On February 1, 2020, *RCCL Liberty of the Seas* announced that it would be doing an emergency stop at Port Cozumel. Following that, JANE DOE called guest services. RCCL's guest services crewmember, Meli, advised JANE DOE that Lawson had been under armed guard for two days and that Lawson was removed from the *RCCL Liberty of the Seas* and left at port.

24. JANE DOE did not consent to the sexual acts described herein.

25. **NOTICE: PRIOR INCIDENTS.** RCCL knows that sexual assaults on board its ships are a serious problem. "It would be absurd to suggest that a multi-billion-dollar business like Royal Caribbean was not aware of congressional reports about the problem of sexual assaults aboard its cruise ships." *K.T. v. Royal Caribbean Cruises*, Ltd., 931 F.3d 1041, 1050 (11th Cir. July 24, 2019). Chief Judge Ed Carnes highlights the publicly available data in his concurring opinion:

> Since 2010 cruise lines have been required to keep records of all complaints about certain crimes — including sexual assault and rape — that occur aboard any of their ships during a cruise "that embarks or disembarks passengers in the United States." 46 U.S.C. § 3507(g)(1)(A); see id. § 3507(k)(1). Cruise lines must report those complaints to the FBI

and the Department of Transportation. Id. § 3507(g)(3)(A)(i), (ii). The DOT has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about certain crimes — including sexual assault and rape — that occur on board cruise vessels. See id. § 3507(g)(4). Those compilations are called Cruise Line Incident Reports. Cruise Line Incident Reports, U.S. Dep't Transp., https://www.transportation.gov/mission/safety/cruise-line-incident-reports (last updated Apr. 17, 2019).

…

According to the reports covering the period from 2010 to September 30, 2015, which was just before the alleged events in this case, cruise lines had reported a total of at least 66 complaints of sexual assault committed by passengers aboard cruises embarking or disembarking passengers in the United States. See Cruise Line Incident Reports, supra. And Royal Caribbean itself had reported receiving at least 20 complaints of sexual assaults committed by passengers, which is nearly one-third of the number reported for all cruise lines. See id.

Those numbers probably understate the number of complaints of sexual assault Royal Caribbean received because the reports include only matters that were "no longer under investigation" by the FBI at the time of the report. See 46 U.S.C. § 3507(g)(4) (2012), amended by Howard Coble Coast Guard and Maritime Transportation Act of 2014, Pub. L. No. 113-281, § 321, 128 Stat. 3022, 3054 (2014) (codified at 46 U.S.C. § 3507(g)(4)(A)(i) (2018)). As a congressional staff report explained:

[W]ith respect to alleged sexual assault crimes, the 13 alleged crimes publicly reported [in the Cruise Line Incident Reports] in 2011 represented only 31% of the 42 alleged crimes reported to the FBI, and in 2012 the 11 alleged crimes publicly reported represented only 38% of the 28 alleged crimes reported to the FBI. Staff of S. Comm. on Commerce, Science, and Transp., 113 Cong., Cruise Ship Crime: Consumers Have Incomplete Access to Cruise Crime Data 11 (2013).

The reports this Court cited in *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011), also support [the plaintiff's] allegations that Royal Caribbean was on notice a decade before [the plaintiff's] cruise that sexual assaults on cruise ships were a serious problem. In that opinion we stated:

Unfortunately, if congressional reports are to be believed, sexual assaults and other violent crimes on cruise ships are a serious problem. The House Subcommittee on Coast Guard and Maritime Transportation Staff has reported that:

> At a hearing in March 2006 convened by the Committee on Government Reform, cruise industry executives testified that 178 passengers on North American cruises reported being sexually assaulted between 2003 and 2005. During that same period, 24 people were reported missing and four others reported being robbed.
>
> From fiscal year 2000 through June 2005, the FBI opened 305 case files involving "crime on the high seas," and during those five years about 45% of those cases were sexual assaults that occurred on cruise ships.
>
> Salvador Hernandez, Deputy Assistant Director of the FBI, testified before Congress in 2007 about sexual and other physical assaults that have taken place on cruise ships: "Sexual assault and physical assaults on cruise ships were the leading crime reported to and investigated by the FBI on the high seas over the last five years, 55 percent and 22 percent respectively ...."

*K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"). Accordingly, RCCL knows about the dangerous condition on board its ships from prior incidents. See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

26. **NOTICE: ON-GOING, REPETIVE PROBLEM.** Additionally, RCCL knows or should know that sexual assaults on board its ships are an on-going repetitive problem.

27. **NOTICE: POLICY AND PROCEDURES**. Additionally, RCCL knows or should know that that sexual assaults are a serious problem on board its ships because RCCL has written policy, procedures and trainings about sexual assaults.

## COUNT I
## NEGLIGENT SECURITY

28. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

29. This is an action for negligent security on board the RCCL Liberty of the Seas which allowed an RCCL crewmember to sexually assault the Plaintiff.

30. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

31. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity*

*Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

32. RCCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

33. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

34. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

35. **RCCL'S BREACHED ITS DUTY**: RCCL breached its duty to the Plaintiff. RCCL failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit RCCL to respond to such incidents. RCCL failed to provide a reasonable number of experienced and trained security officers, supervisor, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. RCCL failed to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. RCCL failed to ascertain the cause of prior similar accidents so as to take measures to prevent its re-occurrence of sexual harassment and assaults. RCCL failed to

investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. RCCL failed to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case. RCCL failed to implement the recommendations of security experts and sexual harassment experts. adequately investigate prior and subsequent incidents and injuries where crew members and passenger have been sexually harassed, assaulted or battered on the *RCCL Liberty of the Seas* and RCCL's other vessels. RCCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

36. **PROXIMATE CAUSE**: RCCL's failures put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had RCCL properly implemented a security system the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

37. **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT HIRING

38. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

39. This is an action for negligent hiring of the Royal Caribbean crewmember who sexually assaulted the Plaintiff on board the *RCCL Liberty of the Seas*.

40. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

41. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

42. RCCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

43. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

44. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

45. **RCCL'S BREACHED ITS DUTY**: RCCL breached its duty by hiring crewmembers it knew or should have known would sexually assault passengers. RCCL breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably hire and select its onboard crew. In doing so RCCL failed to reasonably conduct background checks on its crew members, RCCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers. RCCL failed to recruit crew and/or officers from countries where proper background checks can be reasonably ascertained. RCCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for RCCL employees regarding conduct and/or fraternization with passengers. RCCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

46. **PROXIMATE CAUSE**: RCCL's failure to properly hire and select, its crew members put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had RCCL properly hired and selected, its crew members the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

47. **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain,

suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT III**</u>
<u>**NEGLIGENT RETENTION**</u>

48. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

49. This is an action for negligent retention of the crewmember who sexually assaulted the Plaintiff on board *RCCL Liberty of the Seas*.

50. <u>**DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**</u> The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the

passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

51. **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.</u>** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909. "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

52. RCCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

53. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

54. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

55. **RCCL'S BREACHED ITS DUTY**: RCCL breached its duty to retain and monitor its crew members and breached its duties to the Plaintiff by its actions and conduct. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably retain its onboard crew. In doing so RCCL failed to implement and follow reasonable procedures and methods to supervise, monitor, review and/or surveil crew member conduct and interactions with RCCL passengers.  RCCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers. RCCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for RCCL employees regarding conduct and/or fraternization with passengers.  RCCL failed to reasonably and properly enforce rules, regulations, policies and procedures for RCCL employees who fraternize with passengers.  RCCL failed to discharge and/or discipline RCCL employees who breach rules, regulations, policies and procedures for RCCL employees who fraternize with passengers.  RCCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

56. **PROXIMATE CAUSE**: RCCL's failure to properly retain and monitor its crew members put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries.  Had RCCL properly retained and

monitored its crew members the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

57. **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT SUPERVISION**

58. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

59. This is an action for negligent supervision of the crewmember who sexually assaulted the Plaintiff on board *RCCL Liberty of the Seas*

60. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

61. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909. "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

62. RCCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or

officers.  In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

63. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

64. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

65. **RCCL'S BREACHED ITS DUTY**: RCCL breached its duty to monitor and supervise its crew members and breached its duties to the Plaintiff by its actions and conduct.  The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably monitor and supervise its onboard crew. In doing so RCCL failed to implement and follow reasonable procedures and methods to supervise, monitor, review and/or surveil crew member conduct and interactions with RCCL passengers.   RCCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers.  RCCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for RCCL employees regarding conduct and/or fraternization with passengers.  RCCL failed to reasonably and properly enforce rules, regulations, policies and procedures for RCCL employees who fraternize with passengers. RCCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence

of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

66. **PROXIMATE CAUSE**: RCCL's failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries.  Had RCCL properly monitored and supervised its crew members the Plaintiff would never have been raped, sexually assaulted and/or assaulted.

67. **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## STRICT LIABILITY FOR SEXUAL ASSAULT,
## SEXUAL BATTERY, AND RAPE

68. The Plaintiff JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

69. This is an action for strict liability for the sexual assault, sexual battery, and rape committed on the Plaintiff by a Royal Caribbean crewmember.

70. On the date of the subject incident, RCCL's employee, committed the intentional acts of sexual assault, sexual battery, and rape on the Plaintiff, a passenger.

71. RCCL is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of the Defendant. This ultimately is based on the fact that the crew members are employees of the cruise line. Therefore, under respondeat superior the cruise line is liable for the negligence of all crew members working aboard its ships.

72. RCCL's employee's intentional acts of sexual assault, sexual battery, and rape of the Plaintiff have caused the Plaintiff to suffer damages, economic and non-economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish,

inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### COUNT VI
### VICARIOUS OR STRICT LIABILITY FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

74. This is an action for RCCL's negligent infliction of emotional destress. RCCL's negligence caused the Plaintiff mental distress as a result of being violently physical attacked, sexually assaulted and/or sexually battered by RCCL's crew member.

75. RCCL anticipated and foresaw that crimes such as battery, sexual assault and battery would be perpetrated by crew members on passengers aboard its vessels.

76. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

77. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships, sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

78. The Defendant cruise line through the actions and conduct of its employee or agent, actual or apparent is vicariously or strictly liable for the negligent infliction of emotional distress. The employee or agent, actual or apparent, of the Defendant cruise line negligently inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault and battery.

79. The Plaintiff was involved in the events causing the negligent injury, that is, the Plaintiff herein was the victim of the sexual assault and battery and rape.

80. The Plaintiff has a "close personal relationship to the directly injured person", that is, the Plaintiff was the directly injured person.

81. The Plaintiff suffered injuries when RCCL's crew member violently attacked and raped the Plaintiff inside her cabin.

82. RCCL endangered Plaintiff's health and life. RCCL's outrageous conduct proximately cased the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma

83. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VII
## VICARIOUS OR STRICT LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRES

84. The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 27, above.

85. This is an action for RCCL's intentional infliction of emotional destress. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002).

86. RCCL's negligence caused the Plaintiff mental distress as a result of being violently physical attacked, sexually assaulted and/or sexually battered by RCCL's crew member. RCCL anticipated and foresaw that crimes such as battery, sexual assault and battery would be perpetrated by crew members on passengers aboard its vessels.

87. RCCL knew or should have known that sexual assault and/or battery is intentional or reckless conduct where the perpetrator knew or should have known that emotional distress would likely result.

88. Sexual assault and/or batter is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.  Sexual assault and/or batter can cause and did cause emotional distress to the Plaintiff and the emotional distress was severe.

89. The Defendant cruise line through the actions and conduct of its employee or agent, actual or apparent is vicariously or strictly liable for the negligent infliction of emotional

distress. The employee or agent, actual or apparent, of the Defendant cruise line intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault and battery.

90. The Plaintiff suffered injuries when RCCL's crew member violently attacked and raped the Plaintiff inside her cabin.

91. RCCL endangered Plaintiff's health and life. RCCL's outrageous conduct proximately cased the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma.

92. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VIII
## NEGLIGENT FAILURE TO WARN

93. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1- 27, above.

94. This is an action for negligence of RCCL's failing to warn passengers, including the Plaintiff, of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.  RCCL anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.

95. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

96. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*,

397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909. "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *See Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911.

97. The circumstances are as follows. RCCL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain crimes which include sexual assault and rape. Cruise lines, such as RCCL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4). These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports. According to the Department of Transportation sexual assault is the most common crime reported on cruise ships. Within a year of the Plaintiff's incident, cruise lines reported 148 crimes to the Department of Transportation, 119 of which involved sexual assaults.

98. RCCL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

99. Because RCCL knows that the most commonly reported crime on cruise ships is sexual assault, documents prior incidents and trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes, RCCL knew or should have

known to warn its passengers, including the plaintiff, about the high risk to its passengers of crime and injury aboard the vessels.

100. **RCCL'S BREACHED ITS DUTY**: RCCL breached its duty to warn the Plaintiff of dangerous condition and breached its duties to the Plaintiff by its actions and conduct. RCCL through its crew members failed to warn its passengers about the high risk to passengers of crime and injury aboard RCCL's vessels. RCCL failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury aboard RCCL's vessels. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

101. **PROXIMATE CAUSE**: RCCL's failure to properly warn the Plaintiff of the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had RCCL properly warned the Plaintiff of the dangerous condition, the Plaintiff would never have taken the subject cruise. The Plaintiff therefore would never have been raped, sexually assaulted and/or assaulted.

102. **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience,

and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>COUNT IX</u>
<u>NEGLIGENT MISREPRESENTATION</u>

103. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-27 above.

104. The Defendant negligently misrepresented that it would provide a safe cruise ship to its passengers including the Plaintiff. The Defendant represented that its cruise is without worries even though it's cruise ships are confined spaces in waters off of sometimes remote and sometimes third world countries.

105. **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.</u>** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D.

Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

106. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

107. RCCL represents that

[T]he safety and security of our guests and crew is our highest priority and fundamental to our operations. Our marine safety record over our 42-year history clearly illustrates our commitment to the safety of the millions of guests and crew that sail on our ships. The measures we take in the interest of safety are many, with our ships often exceeding what is required by regulatory authorities - these are all part of our ongoing commitment to innovation and continuous improvement in every aspect of our business.
…
In addition, our vessels, regardless of where they sail in the world, comply with the U.S. Cruise Vessel Security and Safety Act (CVSSA) requirements, including railing heights, access control, closed circuit TV, medical preparedness, crime allegation reporting and crew training. Our own requirements generally exceed those specified within the CVSSA. We work closely with regulatory authorities to improve safety laws, and regularly participate in

discussions and studies to inform legislators of current practices and offer our perspective on regulations and standards to assure safety.

A copy of the page from that website is attached hereto as **Exhibit A,** Safety & Security onboard

Our Cruises | Royal Caribbean Cruises www. Royalcaribbean.com/resources/safety-and-security

108. RCCL represents that it reports all crime allegations as follows.

As a company, we report crime allegations to law enforcement so they can investigate and prosecute to the fullest extent of the law, regardless of where in the world the ship is located at the time of the incident. Crime allegations are reported to law enforcement officials in the next port of call, as well as to the nation where our ships are flagged. We also report allegations of crime to the Federal Bureau of Investigation (FBI) and United States Coast Guard (USCG), in compliance with United States laws.

According to United States federal law, on international voyages that embark or debark in the United States, Royal Caribbean Cruises Ltd. (and other cruise lines) is required to report onboard felonies and missing United States nationals to federal agencies. For a missing United States national and all serious felonies (homicide, suspicious death, kidnapping, assault with serious bodily injury, sexual assaults as defined by federal laws, firing or tampering with the vessel, or theft of money or property in excess of $10,000) the incident must be reported to the FBI by telephone as soon as possible, to the United States Department of Homeland Security electronically and to the USCG in writing. These requirements apply to onboard incidents that occur while the ship is in United States territorial waters, or on the high seas or in foreign waters if the victim or perpetrator is a United States national. The FBI can assert criminal jurisdiction in all of these circumstances. Each of the nations visited, as well as the vessel's nation of registry, may also assert jurisdiction and impose additional reporting requirements.

A copy of the page from that website is attached hereto as **Exhibit B,** Do Cruise Ships Have

Security and Safety Guides? | Royal Caribbean Cruises, www. Royalcaribbean.com/faq/questions/what-is-royal-caribbean-security-guide

109. RCCL's website information misleads prospective passengers and passengers to believe they can rely on PCL to provide a safe and secure ship.  However, RCCL's website fails to offer any information as to what, if any, "Crime Prevention" is available to prospective

passengers and passengers in RCCL's "Security Guide".   Instead RCCL provides crime response information of highly regarded and respected federal agencies and a sexual assault hotline to lure prospective passengers and passengers into believing RCCL provides safe and secure ships. Unbeknownst to prospective passengers and passengers, they may not be able to make calls to the FBI, USCG and/or sexual assault hotline while at sea.  RCCL misleads passengers to believe that they may contact the FBI or USCG "at any time during the voyage".

> United States law also requires us to provide you the following information. For cruises embarking or debarking in the United States, you may independently contact the FBI or USCG for incidents arising any time during the voyage. For incidents within state or foreign waters or ports you may, in addition, contact local law enforcement authorities. Contact information for these entities along with contact information for a third party victim advocacy group and the locations of United States Embassies and Consulates for the ports we plan to visit during United States oriented voyages is being made available to you. If you need assistance in locating this information or if you find this information has changed since publication or is incorrect, please contact Guest Services / Guest Relations immediately.

See Exhibit B.

110. RCCL employs staff to specifically address passenger and crew member safety including positions such as marine operations.  Marine operations include RCCL employees who manage programs and provide support to all areas of the ships to ensure the safe, secure, environmentally sound and efficient operation of the fleet

111. The Defendant cruise line made these representations with that intent that its passengers, including the Plaintiff herein, rely upon them in deciding whether to purchase tickets to go onboard its cruise ships.

112. The representations made by the cruise line were false and misleading.  First, the subject cruise ship did _not_ provide a safe and/or secure ship for its passengers including the

Plaintiff.  Further, the cruise line through its omission of materials facts about the high risk of crime and injury including but not limited to rape, sexual assault and assault, and its unwillingness and its failure to properly retain, hire, train, monitor, and provide reasonable procedures for its staff as misrepresented the quality of its ships safety and security thereon.

113. The Plaintiff relied on RCCL's representation that it provided a safe and secure ship when the Plaintiff decided to take the subject cruise.  The Plaintiff would not have selected have decided to go on the cruise if it had not been for the representations made by RCCL with respect to the safety and security of its ships.

114. This reliance was to the detriment of the Plaintiff because the Defendant cruise line failed to provide a safe and secure ship, and failed to provide in its warnings and sufficient information about the fact that it failed to provide a reasonably safe and secure ship, failed to properly retain, hire, train, monitor and provide reasonable procedures for its staff and misrepresented the quality of its ships safety and security thereon.

115. **RCCL BREACHED ITS DUTY**: RCCL breached its duty to reasonably represent to the Plaintiff the dangerous condition onboard RCCL's ship and breached its duties to the Plaintiff by its actions and conduct.  RCCL negligently misrepresented that it would provide a safe and secure cruise ship to its passengers including the Plaintiff.  The Plaintiff relied on RCCL's misrepresentations to her detriment. RCCL's misrepresentation included failure to disclose to the public and the Plaintiff herein the fact that under the cruise line's lack of resources and under manning safety and security of passengers, failure to disclose its knowledge of the high risk of crime and injury to passengers on cruise ships, the cruise line's failure to provide a reasonably safe and secure ship as represented on its website, failure to properly retain, hire, train, monitor and provide reasonable procedures as represented on RCCL's website. RCCL also misrepresentations

failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*

116. **<u>PROXIMATE CAUSE</u>**: RCCL's failure to reasonably represent to the Plaintiff the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiff's injuries. Had RCCL properly represented to the Plaintiff of the dangerous condition, the Plaintiff would never have taken the subject cruise. The Plaintiff therefore would never have been raped, sexually assaulted and/or assaulted.

117. **<u>DAMAGES</u>**: RCCL's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due

under the applicable law including interest from the date of the subject incident under the General

Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey, Esq.*
**JOHN H. HICKEY (FBN 305081)**
hickey@hickeylawfirm.com
**LISA C. GOODMAN (118698)**
lgoodman@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*