United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jane Doe, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-25152-Civ-Scola |
| | ) |
| Royal Caribbean Cruises Ltd., | ) |
| Defendant. | ) |

### Order Denying Motion for Leave to File Third Amended Complaint

The Plaintiff Jane Doe brings this maritime negligence action against Defendant Royal Caribbean Cruises, Ltd. ("Royal Caribbean") for injuries sustained when she was sexually assaulted by a crewmember. (Second Am. Compl., ECF No. 31.) After filing a second amended complaint and three weeks past the deadline to amend, Doe has filed a motion for leave to file a third amended complaint. (Mot. for Leave to Am., ECF No. 35.) She seeks permission to amend her to complaint to add additional claims to already existing counts of negligent and intentional emotional distress and negligent failure to warn. Doe also intends to add a new count for negligent misrepresentation. Royal Caribbean opposes the motion arguing that Doe has not shown good cause for her request and in any event, the proposed amendments are futile. (ECF No. 37.) For the reasons stated below, Doe's motion is **denied**. **(ECF No. 35.)**

1. **Background**

On January 28, 2020, Doe traveled on board Royal Caribbean's vessel *Liberty of the Seas*. (ECF No. 31 at ¶¶ 7–8.) While aboard, Doe, who is disabled, alleges that she was sexually harassed by a crewmember named Lawson. (*Id.* at ¶ 12). After the attack, Lawson told Doe that he would be back, keeping her fearful of a second attack. For the next three hours, Lawson repeatedly called her cabin phone, and she ultimately unplugged the phone. (*Id.* at ¶ 19.)

Doe reported the incident to Royal Caribbean, and it was confirmed through CCTV that Lawson entered Doe's cabin and phone logs confirmed his repeated calls to Doe's cabin. (*Id.* at ¶¶ 15, 16.) Royal Caribbean did not inform Doe of what disciplinary actions were taken to ensure Lawson did not attack Doe for a second time, nor was Doe informed of Lawson's location while on the vessel. (*Id.* at ¶ 17.)

On February 1, 2020, Royal Caribbean announced it would be making an emergency stop at Port Cozumel in Mexico. (*Id.* at ¶ 18.) After the

announcement, Doe spoke to an agent from guest services who informed Doe that Lawson had been "under armed guard for two days," and had been disembarked at Port Cozumel. (*Id.*) Doe alleges that Royal Caribbean was on notice that sexual assaults have occurred on its ships and thus, is on notice of a dangerous condition and had a duty to warn its passengers.

On December 18, 2020, Doe initiated this action against Royal Caribbean. (ECF No. 1.) She asserted nine causes of action, including claims for strict liability, intentional inflection of emotional distress, and seven counts of negligence, including negligent infliction of emotional distress, failure to warn, and negligent misrepresentation. Following Royal Caribbean's first motion to dismiss, Doe moved for leave to file an amended complaint. (ECF Nos. 14, 17.) On March 18, 2021, Doe filed her first amended complaint, repleading the same claims against Royal Caribbean. (ECF No. 19.) Royal Caribbean moved to dismiss and the motion was granted in part and denied in part. The Court dismissed Doe's claims for negligent hiring, retention, and supervision, negligent infliction of emotional distress, and negligent misrepresentation, and provided her leave to file a second amended complaint.

In the operative second amended complaint, Doe realleges claims for negligent security, negligent hiring and supervision, strict liability for sexual assault, negligent and intentional infliction of emotional distress, and negligent failure to warn. (Sec. Am. Compl., ECF No. 31.) Royal Caribbean has filed a motion to dismiss that became ripe on August 21, 2021.

On September 7, 2021, three weeks after the deadline to amend, Doe filed the subject motion for leave to file a third amended complaint. Doe alleges that through discovery obtained after the deadline to amend she learned that Royal Caribbean made misrepresentations to Doe regarding Lawson's whereabouts while on the vessel. In reality, Lawson was not disembarked at Port Cozumel and remained on the ship until February 2, 2021 when the ship returned to the United States. During discovery, Doe also learned that Royal Caribbean had not reported the sexual assault to the Federal Bureau of Investigations or the Department of Transportation as required by 46 U.S.C. § 3507. In her proposed third amended complaint, Doe seeks to add claims to her existing counts of negligent and intentional emotional distress, and negligent failure to warn. She also intends to add a new count for negligent misrepresentation.

After careful review, the Court finds that all of Doe's proposed amendments are futile and her motion is due to be **denied. (ECF No. 35.)**

2. **Legal Standard**

Generally, Rule 15 of the Federal Rules of Civil Procedure governs

amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *3 (S.D. Fla. Feb. 11, 2020) (Bloom, J.). When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail. *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App' x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

      The Eleventh Circuit has explained that when a motion to amend is filed after a scheduling order deadline, like Doe's motion, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998). Federal Rule of Civil Procedure 16 states that requests for leave to amend after the applicable deadline, as set in a court's scheduling order, require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks omitted); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366–67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Additionally, a lack of diligence "is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes but also includes a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 673 (S.D. Fla. 2012) (Ungaro, J.) (quoting *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418.

Thus, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d at 1419. First, the movant must demonstrate good cause under Rule 16(b). Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (Marra, J.). If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a). *Southpointe*, 2020 WL 639400, at *34.

### 3. Analysis

Doe contends that the newly discovered evidence shows that Royal Caribbean lied to her on February 1, 2020 when the guest services agent stated that Lawson had been under armed guard since the attack and that he had been disembarked at Port Cozumel. Based on this information, Doe seeks leave to file a third amended complaint to add allegations to already-existing counts of intentional and negligent infliction of emotional distress and negligent failure to warn. She also intends to bring forth a new count for negligent misrepresentation. The parties dispute whether Doe has set forth good cause as required by Rule 16. They also disagree as to whether the proposed amendments are futile. Assuming, without finding, that Doe has shown good cause as required by Rule 16, the motion is nonetheless denied because the proposed amendments are futile.

First, Doe seeks to add allegations to her existing count for negligent infliction of emotional distress. To state a claim, Doe must allege "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." *Twyman v. Carnival Corp.*, 410 F. Supp. 3d 1311, 1324 (S.D. Fla. 2019) (Altonaga, J.) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1338 (11th Cir. 2012)). In the operative second amended complaint, Doe alleges that she suffered emotional distress as a result of Royal Caribbean's negligence because Royal Caribbean "never advised [Doe] about the actions it was taking, if any, with crewmember Lawson. [Doe] had no idea if Lawson was still working on the ship. Because [Royal Caribbean] never told [Doe] about Lawson's whereabouts after the attack, [Royal Caribbean] caused [Doe] to live in constant fear that Lawson would attack her again." (Second Am. Compl., ECF No. 31 at ¶ 76.)

Doe requests leave to amend her complaint to add an allegation that Royal Caribbean's "failure to provide correct information about crewmember

Lawson's whereabouts after the subject incident caused [Doe] to suffer injuries including severe emotional distress which manifests itself as multiple physical symptoms." (Mot. for Leave to Am., ECF No. 35 at 6; Proposed Third Am. Compl., ECF No. 35–1 at ¶¶ 87, 88.) Doe alleges she "continues to live in fear as she does not know about crewmember Lawson's whereabouts . . . [Doe] does not know if crew member is still in the United States . . . [or] if crewmember Lawson was escorted back to his home country." (Proposed Third Am. Compl., ECF No. 35–1 at ¶¶ 87, 88.) The proposed amendment is futile because it fails to connect how Royal Caribbean's misrepresentations made on February 1, 2020 caused her emotional distress when she discovered them in August 2021. Moreover, Doe does not cite to *any* case that supports her position that Royal Caribbean owed her a duty to inform her of Lawson's whereabouts after he was removed from the ship, whether he is in the United States or if he resides in his home country.

Second, Doe requests leave to add allegations to her already existing count of intentional infliction of emotional distress for Royal Caribbean's failure to report the sexual assault to the authorities as required by 46 U.S.C. § 3507. Specifically, she intends to allege "[b]ecause [Royal Caribbean] did not and has not reported this incident to law enforcement agencies, Doe lives with the painful reality that crewmember Lawson was not punished for his actions." (Proposed Third Am. Compl., ECF No. 35–1 at ¶ 106.) Royal Caribbean argues that this amendment is futile because 46 U.S.C. § 3507 does not create a private cause of action, and further, its failure to report does not rise to the level of outrage necessary to state a claim. Royal Caribbean also contends that Doe fails to allege how its failure to report is the proximate cause of her damages. (Resp. in Opp'n, ECF No. 37 at 15.) At least two courts in this district have recognized that 46 U.S.C. § 3507 does not create a private cause of action. *See Perciavalle v. Carnival Corp.*, No. 12-CV-20996, 2012 WL 2412179, at *2 n. 2 (S.D. Fla. June 26, 2012) (Seitz, J.) (finding that "the statute does not appear to create a private cause of action for a failure to report an incident to the FBI."); *see also Fiorillo v. Carnival Corp.*, No. 12-21599-CIV, (ECF No. 34) (S.D. Fla. Sep. 12, 2012) (Cohn, J.) (dismissing claim for violation of 46 U.S.C. § 3507 because the parties agreed the statute did not create a private cause of action).

The Court need not decide whether Doe's private claim for failure to report to the FBI is permissible because the claim would not survive on its merits. To state a claim for intentional infliction of emotional distress under Florida law, Doe must allege that: (1) Royal Caribbean engaged in intentional or reckless conduct; (2) the conduct was "outrageous;" (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *See Hart v.*

*United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)). What constitutes "outrageous" conduct is a question of law. *Noah v. Assor*, 379 F. Supp. 3d 1284, 1299 (S.D. Fla. 2019) (Moreno, J.) "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 1300 (quoting *Metro Life*, 467 So. 2d at 278–79.) Although there is no exhaustive or concrete list of what constitutes "outrageous conduct," Florida common law has "evolved an extremely high standard." *Noah*, 379 F. Supp. 3d at 1299.

With regard to failures to report sexual abuse, courts have found this conduct to be outrageous under very specific circumstances. For example, in *Drury v. Volusia County*, No. 6:10-cv-1176, 2011 WL 1625042 (M.D. Fla. Apr. 28, 2011) (Antoon, J.), the court declined to dismiss an intentional infliction of emotional distress claim where the plaintiff alleged that the defendant was aware of the illegal abuse of the minor plaintiff and instead of reporting those crimes to the authorities, gave advise to assist in the hiding of the crime and obstructing an ongoing police investigation. In *L.A. by & through T.A. v. Royal Caribbean Cruises, Ltd.*, No. 17-CV-23184, 2018 WL 3093548, at *4 (S.D. Fla. June 22, 2018) (Gayles, J.), the court denied a motion to dismiss an intentional infliction of emotional distress claim because the plaintiff alleged that Royal Caribbean had put him in "the same room as the perpetrators of [his] sexual assault and asked [Plaintiff] to speak up about what occurred, despite the sexual assault having been recorded by Defendant's surveillance cameras." There, the plaintiff alleged that Royal Caribbean acted to avoid criminal charges being filed against it and exhibited reckless indifference for his welfare. *Id.* Here, the complaint solely alleges that Royal Caribbean failed to report the crime as required by federal law and now Doe lives with the pain of her rapist never being prosecuted. These allegations do not rise to the level of outrageous conduct alleged in either *Drury* or *L.A.* Indeed, Doe is not alleging that Royal Caribbean knew it was exposing her to continued sexual abuse or interfering with an ongoing criminal investigation. On the contrary, Doe's proposed amended complaint alleges that Royal Caribbean held a Master Hearing and terminated Lawson's employment. (Proposed Third Am. Compl., ECF No. 35–1 at ¶ 18.) Nor did Royal Caribbean make her face her abuser. Lastly, Doe's alleged harm of living with the pain of knowing Lawson has not been adequately punished for his actions is untethered to Royal Caribbean's conduct. The Court notes that Doe does not allege that she failed to report Lawson to the authorities because she was under the false belief that Royal Caribbean had properly reported the incident nor does she set forth any facts

that connect Royal Caribbean's failure to report to the harm she has suffered.

Third, Doe's proposed amendments to her existing claim for negligent failure to warn are futile. The proposed allegations claim that had Royal Caribbean informed Doe of Lawson's whereabouts after the incident instead of lying to her, she would not be constantly living in fear that Lawson would assault her again. (Proposed Third Am. Compl., ECF No. 35–1 at ¶ 119.) The purported amendment to this claim is futile for several reasons. As noted above, Doe has not cited to any authority supporting the proposition that Royal Caribbean had a duty to inform her of Lawson's whereabouts after the incident, especially his location once he disembarked the vessel. Next, Doe has been on notice that Royal Caribbean did not inform her of Lawson's whereabouts after the incident. Indeed, she has alleged as much in earlier versions of the complaint and the Court sees no need for this amendment. Moreover, Doe alleges no direct injury after the misrepresentations were made. As alleged, the proposed complaint does not claim that Lawson attacked her after the misrepresentations were made such that she was injured by Royal Caribbean's false statements.

Fourth, Doe's proposed additional count for negligent misrepresentation is also futile because it would not survive a motion to dismiss. To state a claim for negligent misrepresentation, Doe must show: (1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation. *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (Williams, J.) As an allegation of fraud, negligent misrepresentation is subject to the heightened pleading standard of Rule 9(b). *See, e.g.*, *Holguin v. Celebrity Cruises, Inc.*, No. 10-20215-CIV, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (Altonaga, C.J.) (applying Rule 9(b) to negligent misrepresentation claim).

In her proposed third amended complaint, Doe intends to allege that Royal Caribbean was negligent when it represented through its crew members that Lawson was disembarked from the ship when the ship made an emergency stop in the Port of Cozumel on February 1, 2020. (Proposed Third Am. Compl., ECF No. 35–1 at ¶ 129.) Doe claims that she relied on that representation to her detriment because she believed Lawson was no longer on the ship and could not hurt her. (*Id.* at ¶ 130.) Doe's proposed claim fails because it does not sufficiently allege an injury stemming from her reliance on Royal Caribbean's misrepresentations. Notably, Doe does not allege that Lawson had any contact with her after the misrepresentations were made or

that she suffered any other injuries from the misstatements. *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *6 (S.D. Fla. Nov. 15, 2019) (Scola, J.) (dismissing claim for negligent misrepresentation because the claim is untethered to the alleged injury).

As pled, Royal Caribbean lied to Doe about her alleged abuser. While such conduct demonstrates flippancy towards victims, here, Doe's proposed amendments do not adequately allege the necessary elements. For this reason, Doe's motion to amend is **denied**. (**ECF No. 35**.)

**Done and ordered**, at Miami, Florida, on October 4, 2021.

Robert N. Scola, Jr.
United States District Judge